UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN BROOKE FAIRCLOTH, as guardian ad litem of H.F. and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POWERSCHOOL GROUP LLC, et al.,<br><br>Defendants. | No. 2:25-cv-00252-DJC-JDP<br><br><br>ORDER |

Before the Court is Jaclyn Brooke Faircloth's petition to be appointed as guardian ad litem for Plaintiff H.F., her minor child. (ECF No. 9.) Defendants have not opposed this request.

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, 2:13-cv01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013) (citation omitted); *see also* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). Under Rule 17, a court may appoint a "general guardian"; "committee"; "conservator"; or "like fiduciary" to sue on behalf of the minor. Fed. R. Civ. P. 17(c)(1). In pertinent part, Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

See L.R. 202(a). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court . . . ." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). Where there is no conflict of interests between the minor and their parent, the parent is generally appointed as guardian ad litem. *See Akey v. Placer Cnty.*, 2:14-cv-02402-KJM-KJN, 2014 WL 12917496, at *1 (E.D. Cal. Dec. 30, 2014) ("A parent is generally appointed guardian ad litem . . . [unless] there is a conflict between the interests of the minor children and those of the parents." (citations omitted)).

    The Court has considered the petition and finds no apparent conflict that would preclude Ms. Faircloth from serving as guardian ad litem to Plaintiff H.F. The petition indicates that Ms. Faircloth is H.F.'s mother, legal guardian, and primary caretaker, and is willing to serve as H.F.'s guardian ad litem. (ECF No. 9-1 ¶¶ 1, 3, 7.) The petition further indicates that Ms. Faircloth is fully competent to understand and protect the rights of H.F. (*Id.* ¶¶ 5, 7.) Finally, the petition states that Ms. Faircloth has no adverse interest to H.F. and notes that she is well-acquainted with his needs and has his best interests at heart. (*Id.* ¶ 3.)

    Accordingly, IT IS HEREBY ORDERED that Jaclyn Brooke Faircloth's petition (ECF No. 9) is GRANTED; she is appointed in this action as guardian ad litem for minor Plaintiff H.F. The hearing on this matter currently set for March 20, 2025, is VACATED.

Dated: February 24, 2025          /s/ Daniel J. Calabretta
                                                      THE HONORABLE DANIEL J. CALABRETTA
                                                      UNITED STATES DISTRICT JUDGE